UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY ARTEMENKO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:25-cv-1943 DAD AC<br><br><br>ORDER |

Petitioner, an immigration detainee who is proceeding without a lawyer, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the filing fee.  ECF No. 1.

The court has reviewed petitioner's petition for writ of habeas corpus.  The issues raised therein appear substantially similar to those previously addressed by several district courts within the Ninth Circuit.  See Khim v. Bondi, No. 2:25-cv-2383 RSL, 2025 WL 3653724 (W.D. Wash. Dec. 17, 2025); Mayor Martinez v. Noem, No. 1:25-cv-1633 EFB (HC), 2025 WL 3650477 (E.D. Cal. Dec. 16, 2025); V.O. v. Noem, No. 1:25-cv-1796-TLN-JDP, 2025 WL 3636249 (E.D. Cal. Dec. 15, 2025); Azzo v. Noem, No. 3:25-cv-3122-RBM-BJW, 2025 WL 3535208 (S.D. Cal. Dec. 10, 2025).  In those cases, the courts have granted relief in the form of temporary restraining orders and/or grant of the § 2241 petition.  See Azzo v. Noem, 2025 WL 3535208 (granting § 2241 petition); Khim v. Bondi, 2025 WL 36553724 (same); Mayor Martinez v. Noem, 2025 WL 3650477 (granting temporary restraining order); V.O. v. Noem, 2025 WL 3636249 (same).

1  Accordingly, respondents will be ordered to show cause by December 24, 2025, why the writ
2  should not be granted.  The response to the OSC shall plainly state whether there are any factual
3  or legal issues in this case that, in the government's view, render it distinct from the rulings in the
4  above referenced cases.  Petitioner will be given an opportunity to reply on or before December
5  29, 2025.
6           In accordance with the above, IT IS HEREBY ORDERED that:
7           1.  On or before December 29, 2025, respondent is ORDERED TO SHOW CAUSE why
8  the writ should not be granted.   The response to the OSC shall plainly state whether there are any
9  factual or legal issues in this case that, in the government's view, render it distinct from the
10  rulings in Khim v. Bondi, No. 2:25-cv-2383 RSL, 2025 WL 3653724 (W.D. Wash. Dec. 17,
11  2025); Mayor Martinez v. Noem, No. 1:25-cv-1633 EFB (HC), 2025 WL 3650477 (E.D. Cal.
12  Dec. 16, 2025); V.O. v. Noem, No. 1:25-cv-1796-TLN-JDP, 2025 WL 3636249 (E.D. Cal. Dec.
13  15, 2025); Azzo v. Noem, No. 3:25-cv-3122-RBM-BJW, 2025 WL 3535208 (S.D. Cal. Dec. 10,
14  2025).
15          2.  Petitioner may follow a reply on or before January 5, 2026.
16          3.  The Clerk of the Court shall serve a copy of this order together with a copy of
17  petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United
18  States Attorney.
19          4.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition,
20  respondent shall not transfer petitioner outside of this judicial district, pending further order of the
21  court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal
22  courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . .");
23  see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts
24  have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction
25  pending review of an agency's action").
26  DATED: December 23, 2025
27  _____
    ALLISON CLAIRE
28  UNITED STATES MAGISTRATE JUDGE