UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY ARTEMENKO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY et al.,<br><br>　　　　Respondents. | No. 1:25-cv-01943-DAD-AC<br><br>ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER INTO A MOTION FOR PRELMINIARY INJUNCTION AND GRANTING IT IN FULL<br><br>(Doc. No. 11) |

On December 12, 2025, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* seeking his immediate release from respondents' custody. (Doc. No. 1.) On February 17, 2026, petitioner filed a motion for temporary restraining order with the assistance of counsel. (Doc. No. 11.) The following day, the undersigned issued a minute order directing respondents to file an opposition to the pending motion for temporary restraining order. (Doc. No. 13.) On February 19, 2026, respondents filed their opposition. (Doc. No. 14.) Respondents have indicated therein that they do not oppose converting the motion for temporary restraining order into a motion for preliminary injunction. (*Id.* at 1.)

/////

/////

1

## BACKGROUND

Petitioner was born in the Soviet Union. (Doc. No. 1.) He entered the United States on or about June 22, 1993, became a permanent resident approximately one year later, and began residing in California. (*Id.* at 22.) On September 12, 2012, petitioner was ordered removed to Russia after he served three years in prison for unspecified convictions. (*Id.*) However, after failing to obtain travel documents for petitioner, ICE released him from immigration custody on December 18, 2012. (*Id.*) Petitioner was subsequently convicted of First Degree Burglary of an Inhabited Dwelling in violation of California Penal Code §§ 459, 460 and sentenced to serve another unspecified term of imprisonment. (*Id.*) After serving his second term of imprisonment, petitioner was transferred from the custody of California Department of Corrections Rehabilitation to ICE on or about July 15, 2025. (*Id.*; Doc. No. 5-1 at 2.) He has remained in respondents' custody since then.

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply

in the plaintiff's favor." *Id.* at 1134–35 (citation omitted).  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important Winter factor.  *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).  Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. For Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

**A.  Likelihood of Success on the Merits**

Petitioner contends that he is likely to succeed on the merits of his claim that his detention violates the Due Process Clause of the Fifth Amendment because he has been detained for longer than six months and respondents cannot satisfy their burden of establishing that his removal is significantly likely to occur in the reasonably foreseeable future.  (Doc. No. 11 at 2, 4.)  In opposition, respondents argue that petitioner is lawfully detained because ICE followed the applicable regulations governing the re-detention of immigrants subject to a final order of removal and petitioner has failed to sustain his burden of showing that there is no significant likelihood of removal in the foreseeable future.  (Doc. No. 14-1 at 4.)

The parties do not dispute that petitioner is detained pursuant to pursuant to 8 U.S.C. § 1231(a)(6).  When an immigration detainee is subject to a final order of removal, they are subject to the detention protocol outlined in 8 U.S.C. § 1231.  "Under § 1231(a), a noncitizen who has been ordered removed must be detained during the 90-day removal period.  However, if a noncitizen is not removed within this period, they must be released 'subject to supervision under

/////

1  regulations prescribed by the Attorney General.'" *V.K. v. Noem*, No. 5:26-cv-00241-MWC-SK,

2  2026 WL 246023, at *3 (C.D. Cal. Jan. 25, 2026) (internal citations omitted).

3        As one court recently explained when faced with arguments similar to those advanced by

4  respondents here:

> Respondents argue that petitioner has not met his burden to shown that there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 20 at 3; ECF No. 8 at 4. Numerous courts have held, however, that the burden-shifting scheme of *Zadvydas* is only applicable to those noncitizens who had been detained and never released following a final order of removal. *Zadvydas*, 533 U.S. at 701. Where, as here, petitioner was issued a final order of removal, detained, and subsequently released and then redetained, "it is [ICE's] burden to show a significant likelihood that the alien may be removed" pursuant to 8 C.F.R. § 241.13. *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *see also Roble v. Bondi*, No. 25-cv-03196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) ("[T]he regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future."); *Abuelhawa v. Noem*, No. 4:25-cv-04128, 2025 WL 2937692, at *8 (S.D. Tex. Oct. 16, 2025) ("[U]pon revocation of release, the Government bears the burden to show a significant likelihood that the alien may be removed in the reasonably foreseeable future."); *Nguyen*, 788 F. Supp. 3d at 150; *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO (HC), 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025). Here, respondents have made no showing that there is a significant likelihood that petitioner will be removed to Cuba, Mexico, or anywhere else, aside from bare assurances that "ICE is currently in the process of removing Petitioner to Mexico." ECF No. 15 at 2; *see* ECF No. 20; ECF No. 8 at 4-5. On the record before the court at this stage, therefore, petitioner has shown a likelihood of success in this claim.

20  *Martinez v. Bondi*, No. 1:25-cv-01633-EFB (HC), 2025 WL 3650477, at *3 (E.D. Cal. Dec. 16,

21  2025). The undersigned finds the reasoning in *Martinez* to be instructive here.

22        Because petitioner was ordered removed, released from immigration custody after his

23  removal could not be effectuated, then subsequently re-detained, respondents bear the burden of

24  establishing that there is a significant likelihood that he will be successfully removed.

25  Respondents simply make the bare assertions that "ICE has been actively pursuing Petitioner's

26  removal to Russia, or in the alternative, Germany." (Doc. No. 14-1 at 1.) In fact, all that

27  respondents have stated in this regard is that a request for petitioner's travel documents to Russia

28  remains pending and there is "no currently pending request to Germany." (*Id.* at 2.) This is

insufficient to establish that petitioner's removal will be effectuated in the reasonably foreseeable future and respondents have therefore failed to meet their burden. *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *3 (S.D. Cal. Dec. 10, 2025) ("Courts in this circuit have regularly refused to find [the Government's] burden met where [the Government has] offered little more than generalizations regarding the likelihood that removal will occur.") (alterations in original); *Kisel v. Noem*, No. 25-cv-03260-KK-EX, 2026 WL 396802, at *6 (C.D. Cal. Jan. 22, 2026) ("ICE's request for travel documents from Belarus and general communications with the Belarusian Embassy are insufficient to demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future."). Accordingly, the court concludes that petitioner is likely to succeed on the merits of his prolonged detention claim and consideration of the first *Winter* factor weighs in favor of granting petitioner's request for injunctive relief.[1]

**B.   Irreparable Harm**

As to the second factor, the Ninth Circuit has stated that "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (citation omitted). Accordingly, the court concludes that consideration of the second *Winter* factor also weighs in petitioner's favor.

**C.   Balance of Equities and Public Interest**

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020) (citation omitted). As to the third factor, consideration of the balance of equities weighs in petitioner's favor because "petitioner faces potentially indefinite detention

---

[1] Since the court concludes that petitioner is likely to succeed on his prolonged detention claim, respondents' arguments regarding their compliance with the applicable regulations need not be addressed.

5

without this Court's intervention[,]" whereas the government "'cannot reasonably assert that it is harmed in any legally cognizable sense' by being compelled to follow the law." *Yan-Ling X. v. Lyons*, No. 1:25-cv-01412-KES-CDB (HC), 2025 WL 3123793, at *6 (E.D. Cal. Nov. 7, 2025) (citing *Zepeda v. U.S. I.N.S.*, 753 F.2d 719 (9th Cir. 1983)). As to this fourth factor, the court concludes that it also weighs in favor of petitioner because "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). Accordingly, the court concludes that consideration of all of the *Winter* factors weigh in favor of granting petitioner's motion for temporary restraining order.

**D.  Remedy**

Petitioner requests that the court order petitioner's immediate release from respondents' custody. (Doc. No. 11 at 5.) The court concludes that, as other courts in the Ninth Circuit have found, release is the appropriate remedy under the circumstances of the case. *Khim v. Bondi*, No. 2:25-cv-02383-RSL, 2025 WL 3653724 (W.D. Wash. Dec. 17, 2025) (ordering petitioner's immediate release and prohibiting his re-detention without notice and a pre-deprivation hearing before an immigration judge after concluding that petitioner's post-removal detention became prolonged); *Kisel*, 2026 WL 396802, at *7 (ordering the immediate release of a petitioner who was initially ordered removed after incurring criminal convictions in state court, released from immigration custody after his removal could not be effectuated, and then was re-detained by immigration officials after subsequent criminal charges were brought against him).

**CONCLUSION**

For the reasons stated above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 11) is CONVERTED into a motion for preliminary injunction and GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from custody;

/////

        b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.    Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3.    The petition for writ of *habeas corpus* (Doc. No. 1) is referred to Magistrate Judge Allison Claire for further proceedings.

IT IS SO ORDERED.

Dated: **February 25, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE