UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY ARTEMENKO, A-071-190-209, Petitioner, v. WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., Respondents. | No. 1:25-cv-1943 DAD AC<br><br>ORDER and<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, who was proceeding without counsel at the time,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This action was referred to the undersigned by the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned denies the motion to appoint counsel as moot, grants the motion to file an untimely reply, and recommends that petitioner's petition be granted and respondents be enjoined from re-detaining petitioner absent specific constitutional procedures.

////

[1] With the assistance of counsel, petitioner subsequently filed a motion for a temporary restraining order and a motion to file an untimely reply. See ECF Nos. 11, 12. The pro se petition remains operative.

I. Factual and Procedural History

After petitioner entered the United States, he became a lawful permanent resident, was convicted of a crime, and was ordered removed to Russia. ECF No. 1 at 22. Because Immigration and Customs Enforcement was unable to effectuate his removal, he was released from custody. Id. He was subsequently convicted and sentenced, and on or about July 15, 2025 he was transferred from prison to immigration custody. Id.; ECF No. 5-1 at 3.

On December 19, 2025, the court received petitioner's pro se petition for writ of habeas corpus, which challenges his detention under the Fifth Amendment Due Process Clause, the Immigration and Nationality Act's ("INA") implementing regulations, and the Administrative Procedures Act ("APA"), and challenges the current procedures for removal of detainees to third countries. ECF No. 1. Petitioner also filed a motion to appoint counsel. ECF No. 6.

On December 23, 2025, the undersigned ordered respondents to show cause, no later than December 29, 2026, why the writ should not be granted. ECF No. 3. Petitioner was provided with an opportunity to file an optional reply by January 1, 2026. Id. Respondent filed a response. ECF No. 5.

On February 17, 2026, petitioner, through counsel, filed a motion for a temporary restraining order, a motion to file an untimely reply, and his reply to respondents' response to the court's order to show cause. ECF Nos. 11, 12. Respondents were ordered to file an opposition, which

> shall substantively address whether any provision of law or fact in this case would distinguish it from the court's decision in Uzzhina v. Chestnut, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787 (E.D. Cal. Dec. 2, 2025), Arshakyam v. Warden of California City Det., No. 1:25-cv-01780-DAD-AC (HC), 2026 WL 143143 (E.D. Cal. Jan. 20, 2026), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

ECF No. 13. Respondents were further directed to inform the court whether they oppose converting the motion for a temporary restraining order into a motion for preliminary injunction. Id.

After respondents filed their opposition, the court converted the motion for a temporary

restraining order into a motion for preliminary injunction and granted the motion. ECF No. 15. Respondents were ordered to immediately release petitioner and were enjoined "from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge." Id.

II. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

III. Discussion

A. Petitioner's Pending Motions (ECF Nos. 6, 12)

Petitioner's motion to appoint counsel (ECF No. 6) will be denied as moot because counsel has subsequently entered an appearance on behalf of petitioner. Additionally, petitioner's motion for leave to file an untimely reply (ECF No. 12), which is unopposed, will be granted.

Rule 6(b) of the Federal Rules of Civil Procedure allows a court to grant an extension of time, after a deadline has expired, for good cause and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court adopted a "flexible understanding" of excusable neglect and identified four basic factors to be considered by the court when ruling on a request to extend a filing deadline. Pioneer, 507 U.S. at 389. These

factors include: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its impact on court proceedings; 3) the reason for the delay; and, 4) the good faith of the moving party. Pioneer, 507 U.S. at 395. This assessment is an equitable one that is intended to take into consideration all relevant circumstances, and not just the four factors listed above. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).

Applying the factors in Pioneer, and considering all relevant circumstances, the court finds both good cause and excusable neglect to accept the untimely filing. Here, respondent has not identified any prejudice resulting from the delay, nor has the court identified one. Additionally, the delay did not impede the court's proceedings, petitioner's pending motion to appoint counsel and petitioner's pro se and detained status and efforts to obtain counsel explain the delay, and as soon as petitioner obtained counsel, counsel filed a motion to file an untimely reply, along with the reply.

B. Petition for Writ of Habeas Corpus

1. Overview

The petition asserts four grounds for relief. Ground 1 alleges that petitioner's continued detention violates due process because his post-final removal order detention has extended beyond the presumptively reasonable six-month period and there is no significant likelihood that he will be removed in the reasonably foreseeable future. ECF No. 1 at 13-14. Ground 2 asserts that Immigration and Customs Enforcement's ("ICE") current procedures relating to the removal of persons to third countries, which provide little to no notice or process, violate due process, 8 U.S.C. § 1231, applicable implementing regulations, the Convention Against Torture ("CAT"), and the APA. Id. at 14-15. Ground Three alleges that the third-country removal program is punitive and violates the Eighth Amendment and Fifth Amendment due process. Id. at 15-16. Ground 4 asserts that petitioner's re-detention without notice or a demonstration of changed circumstances regarding the likelihood of removal violates the Fifth Amendment Due Process Clause, 8 C.F.R. § 241.13, and the APA. Id. at 17-18.

By way of relief, the petition seeks an order requiring petitioner's immediate release from custody, preventing petitioner's removal to a third country without a notice and a meaningful

opportunity to respond, preventing petitioner's removal to a third country where removal would impose unconstitutional punishment, and any other relief deemed just and proper. Id. at 19.

2. Ground 2 – Third Country Removal Claims

For the reasons indicated in the court's prior order in Pham v. Warden, which the undersigned adopts and incorporates as if separately set forth herein, the undersigned finds that ICE's third country removal procedures violate due process and recommends the petition be granted on Ground 2 and respondents be enjoined from removing petitioner to a third country absent adequate notice and a meaningful opportunity to raise a fear of removal. 833 F. Supp. 3d 1092, 1116-17 (E.D. Cal. 2026); see also Berhe v. Mullin, No. 3:26-cv-2828-JES-VET, 2026 WL 2188211, at *2 (S.D. Cal. July 29, 2026) ("[C]ourts in this district and throughout the Ninth Circuit continue to hold, as they did when this Court issued its prior order, that the March 30 Memo's diplomatic-assurances exception violates due process."); Giebashvili v. Noem, No. 25-cv-3432 BJC VET, 2026 WL 114422 (S.D. Cal. Jan. 15, 2026) ("Several courts within the Ninth Circuit have held the policies provided in the ICE [July 9, 2025] memo are [sic] violate due process.") (collecting cases).

3. Ground 4 – Revocation of Release Claims

For the reasons indicated in the court's order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted based on the violation of petitioner's rights under the Fifth Amendment Due Process Clause. See ECF No. 15 at 3-6; Martinez v. Bondi, No. 1:25-cv-01633-EFB (HC), 2025 WL 3650477 (E.D. Cal. Dec. 16, 2025); Azzo v. Noem, No. 3:25-cv03122-RBM-BJW, 2025 WL 3535208 (S.D. Cal. Dec. 10, 2025); Khim v. Bondi, No. 2:25-cv-02383-RSL, 2025 WL 3653724 (W.D. Wash. Dec. 17, 2025); Kisel v. Noem, No. 25-cv-03260-KK-EX, 2026 WL 396802 (C.D. Cal. Jan. 22, 2026).[2]

////

---

[2] In the interest of judicial economy and because Grounds 1 and 3 seek the same or similar relief as Grounds 2 and 4, the undersigned declines to address the merits of Grounds 1 and 3 and will recommend dismissal of these claims without prejudice.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 6) is DENIED as moot and petitioner's motion for leave to file an untimely reply (ECF No. 12) is GRANTED.

FURTHER, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on his constitutional claim under Ground 2 and his regulatory and constitutional claims regarding the revocation of his release under Ground 4.

2. If the petition is granted, as recommended herein, the court dismiss without prejudice the remaining claims in the § 2241 petition in the interests of judicial economy.

3. Respondents be PERMANENTLY ENJOINED AND RESTRAINED from:

   a. Seeking to revoke petitioner's supervision to re-detain him unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i), any other applicable statutes and regulations, and constitutional requirements.

   b. Removing petitioner to a third country unless respondents adhere to the following procedures:

      i. Provide petitioner a meaningful opportunity and a minimum of ten days to raise a fear-based claim for protection prior to removal;

      ii. If petitioner demonstrates reasonable fear of removal to the third country, respondents must reopen petitioner's removal proceedings; and

      iii. If petitioner is not found to have demonstrates a reasonable fear of removal to the third country, respondents must provide a meaningful opportunity and a minimum of fifteen days for petitioner to seek reopening of his immigration proceedings.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds

that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE